UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IAN FAULKNER,

        Plaintiff,

        v.

EASTPOINT RECOVERY GROUP, INC.,

        Defendant.

**DECISION AND ORDER**

19-CV-1262S

## I. INTRODUCTION

In this case, Plaintiff Ian Faulkner seeks an award of attorneys' fees and costs from Defendant Eastpoint Recovery Group, Inc., after the entry of an order of judgment against Eastpoint in his Fair Debt Collection Practices Act ("FDCPA") action. For the following reasons, Plaintiff's motion will be granted, and he will be awarded $7,679.00 in attorneys' fees and $695.68 in costs.

## II. BACKGROUND

Plaintiff commenced this action on September 18, 2019. (Docket No. 1). In his complaint, he alleged that Defendant contacted him regarding a loan incurred by his mother, Dawn. (Complaint, Docket No. 1, ¶ 9.) On one call, Defendant threatened to have Dawn arrested if Plaintiff did not pay her debt. (Id., ¶ 10.) Defendant did not have the legal authority to arrest Dawn, nor to have another entity arrest Dawn, but Plaintiff, fearful that his mother would be arrested, paid Defendant $5,000 to settle her debt. (Id., ¶¶ 12-13.) After learning that Defendant had no legal authority to arrest Dawn, Plaintiff unsuccessfully pursued a refund of the $5,000 he paid Defendant. (Id., ¶ 15-16.)

Plaintiff's complaint alleged that Defendant had violated the FDCPA by making

1

false, deceptive, or misleading statements in connection with the collection of a debt. (Id., ¶ 21.) Pursuant to a case management order issued by Magistrate Judge Hugh Scott, the parties pursued discovery. (See Docket No. 10.) Plaintiff asserts that Defendant did not timely respond to requests for production and delayed the course of discovery. (Docket No. 26 at pp. 6-7).

After discovery, Plaintiff filed an amended complaint, adding claims for common law fraud, unjust enrichment, and rescission of contract. (Docket No. 11.) In his amended complaint, Plaintiff alleged further details about Defendant's communications to him, including the details of a recorded conversation between Plaintiff and Defendant's agent in which the agent threatened legal action against Plaintiff's mother. (Id.)

The parties agree that Defendant offered to settle the case with Plaintiff for $5,000. (Defendant's Response to Plaintiff's Motion, Docket No. 25 at p. 14; Plaintiff's Reply, Docket No. 26 at pp. 2-3.) Plaintiff explains that this offer would have resolved Plaintiff's mother's and grandmother's claims along with his own, and did not provide for attorneys' fees, resulting in a smaller recovery for Plaintiff. (Id.) Plaintiff rejected the offer. (Id.) After the parties engaged in mediation, Plaintiff filed notice of acceptance of an offer of judgment for $5,000 plus reasonable attorneys' fees and taxable costs. (Docket No. 19, corrected at Docket No. 20.)

### III.  DISCUSSION

Plaintiff initially sought $8,348.50 in attorneys' fees and $695.68 in costs. In response to Defendant's objections, Plaintiff's reply memorandum requests $7,679 in fees and $695.68 in costs. This court finds that the hourly rates requested and the time expended in the new request are reasonable, and grants Plaintiff's request.

**A.    Legal Rules**

The FDCPA provides for the recovery of reasonable attorneys' fees and costs by successful litigants. See 15 U.S.C. § 1692k(a)(3). In determining a reasonable fee, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." Eades v. Kennedy, PC. Law Offices, 343 F. Supp. 3d 104, 106–07 (W.D.N.Y. 2018) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). A Court has broad discretion to determine whether the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. Hensley, 461 U.S. 424 at 433; Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).

In determining the reasonable number of hours that a case requires, a Court "should exclude from [its] initial fee calculation hours that were not reasonably expended due to reasons such as overstaffing, unnecessarily contentious conduct, and unsuccessful claims." Savino v. Computer Credit, 71 F. Supp. 2d 173, 175 (E.D.N.Y. 1999). Rather than weighing the reasonableness of each individual time entry, a Court may exclude excessive and unreasonable hours from a fee request by making an across-the-board reduction in the amount of hours for which compensation is sought. See Kirsch v. Fleet St. Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

In considering the reasonableness of the rate sought, a Court may consider the "complexity and difficulty of the case, the expertise and capacity of counsel, the resources required to effectively prosecute the matter, the timing demands of the case, the attorney's interest in achieving the ends of the litigation, whether the attorney was acting *pro bono*, and other benefits expected by the attorney as a result of the representation."

Eades, 343 F. Supp. 3d at 107 (citing Arbor Hill, 522 F.3d 182 at 190).

"Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." Hensley v. Eckerhart, 461 U.S. 424, 440, 103 S. Ct. 1933, 1943, 76 L. Ed. 2d 40 (1983). However, "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorneys' fee reduced simply because the district court did not adopt each contention raised." Id. A plaintiff may thus recover attorneys' fees for "hours spent on unsuccessful claims ... if the claims are inextricably intertwined and involve a common core of facts." Reiter v. Metro. Transp. Auth. of State of New York, No. 01CIV2762GWG, 2007 WL 2775144, at *13 (S.D.N.Y. Sept. 25, 2007) (quoting Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999) (internal quotation marks omitted)).

**B.     Reasonableness of Faulkner's attorney and law clerk hourly rates**

    **1.   Lead attorney hourly rate**

Attorney Jonathan Hilton requests a $300 hourly rate. This Court finds that this is a reasonable rate for FDCPA work in this district. See, e.g., Welch v. PDL Recovery Grp., LLC, No. 15-CV-512, 2019 WL 4887595, at *3 (W.D.N.Y. Oct. 3, 2019) ($300 per hour a reasonable rate for experienced FDCPA attorney); Eades v. Kennedy, PC. Law Offices, 343 F. Supp. 3d 104, 108 (W.D.N.Y. 2018) (finding a reasonable average rate for partners who worked on an FDCPA case to be $300/hour); Godson v. Eltman, Eltman & Cooper, P.C., No. 11-CV-764, 2018 WL 5263071 at *16, (W.D.N.Y. 2018) (granting attorneys' fees in an FDCPA matter of $350-$375/hour for partners and $300/hour for associates in a class action presenting "unique" issues, but noting that "review of recent FDCPA cases

decided in this District suggests that a reasonable hourly rate for attorneys' fees ranges from about $200 to $300 per hour").

Defendant argues that this Court should follow its holding in Lepski v. Bayside Capital Services, LLC, where it awarded Mr. Hilton $270 per hour for FDCPA work. (Docket No. 25 at p. 6, citing Lepski v. Bayside Capital Servs., LLC, No. 19-CV-1677S, 2020 WL 4192245, at *4 (W.D.N.Y. July 21, 2020)). But the present matter is distinguishable from Lepski in two ways: first, Mr. Hilton only requested $270 in Lepski, while he requests $300 here; and second, this case does not involve a simple matter of default judgment like Lepski was, but involved discovery delays, the preparation of an amended complaint and a motion for summary judgment, and settlement negotiations.

Given Mr. Hilton's experience in litigating FDCPA matters, and given the issues involved in this case, this Court finds that $300 per hour is a reasonable hourly rate.

**2. Associate and student law clerk hourly rates**

Two junior attorneys, Matthew Stewart and Taylor Hutta, worked on this matter. Plaintiff initially requested $130 per hour for the time worked before they were admitted to the practice of law, and $225 for the hours worked after their admission to the practice of law. (Docket No. 23 at p. 3.) However, after Defendant objected, Plaintiff adopted Defendant's request that they receive $110 per hour for their time worked before admission, and $180 per hour thereafter. This Court finds these rates to be reasonable. See Randle v. AC Asset Servs. LLC, No. 19-CV-01074-LJV, 2020 WL 5757187, at *7 (W.D.N.Y. Sept. 28, 2020) (finding $180 to be a reasonable hourly rate for Stewart).

The parties do not dispute Plaintiff's request for $110 per hour for the work of student law clerk Regina Mendocino, and this Court finds this a reasonable rate for such

5

work. See Lepski, 2020 WL 4192245, at *4 (finding $110 per hour to be a reasonable rate in the Western District of New York for the work of law student interns); see also Buffalo Transportation, Inc. v. Frezer Bezu, No. 16CV1032V, 2020 WL 1695556, at *5 (W.D.N.Y. Feb. 19, 2020), report and recommendation adopted, No. 16-CV-1032, 2020 WL 1694714 (W.D.N.Y. Apr. 7, 2020) (approving rate of $110 per hour for student law clerk soon to be admitted to practice).

Because the parties do not dispute these rates, and because this Court finds them reasonable for this District, it will grant them.

**C.    Reasonableness of time expended**

Mr. Hilton originally sought payment for 43 hours of attorney work, encompassing his own, his associates', and his student law clerk's work. (Docket No. 23-2 at p. 3.) Mr. Hilton reduced some of this time based on Defendant's objections, and now asks this court to award fees for 41.9 hours of work, as this Court calculates his amended time entries. (Docket No. 26-12 at pp. 2-5.)

This Court finds the amended amount to be a reasonable amount of time to expend on this matter. Defendant argues that this is too much time for a "routine" FDCPA matter, but Plaintiff brings forth evidence suggesting that this case was more complex, and required more time, than the average FDCPA case. According to documents submitted by Plaintiff, the claim was turned down by an attorney specializing in consumer law due to its complexity. This attorney then referred the matter to Mr. Hilton. (See Docket No. 26-2 at p. 2.) As examples of its complexity, this Court notes the challenges in establishing Plaintiff's claim regarding his mother's debt and the potential related common-law causes of action.

It also appears that some of the time Plaintiff's attorney spent was caused by Defendant's own tactics. Defendant's resistance to production necessitated frequent email communication, and led to much of the additional time spent. (See Docket No. 26 at pp. 6-7.) And the time spent on Plaintiff's motion for summary judgment may have been a necessary impetus for the ultimate resolution of this matter. (See Docket No. 10, making dispositive motions due by September 2, 2020; Docket No. 19, Plaintiff's initial notice of acceptance dated August 31, 2020.) This Court finds that at least some of the time Plaintiff had to expend was related to Defendant's conduct.  Defendant cannot cause Plaintiff to spend more time in pursuing his claims and then protest the amount of time Plaintiff ultimately spent.

Defendant argues that time spent on common-law causes of action should not be reimbursed because these claims are not subject to any fee-shifting statutes. While the general rule is that hours spent solely on non-fee-shifting claims are not eligible for reimbursement, In re Arbration Between Okyere & Houslanger & Assocs., PLLC, No. 1:12-CV-01463 JPO, 2015 WL 4366865, at *9–10 (S.D.N.Y. May 28, 2015), time spent on such claims "may be compensable if doing so furthers the success of the claim under the fee-shifting statute." Id. (citing Millea v. Metro–N. R. Co., 658 F.3d 154, 168 n. 4 (2d Cir. 2011) ("Hours spent on legal work that furthers both fee-shifting and non-fee-shifting claims may be included in the lodestar calculation because they would have been expended even if the plaintiff had not included non-fee-shifting claims in his complaint.")). Further, time spent on "unsuccessful" claims can be compensated if all of a plaintiff's claims are "inextricably intertwined and involve a common core of facts." Reiter, 2007 WL 2775144, at *13.

7

This Court finds that time spent on Plaintiff's common-law causes of action can be compensated. The claims for unjust enrichment and fraud clearly stem from the same facts as Plaintiff's FDCPA action: the telephone call in which Defendant threatened to have Plaintiff's mother arrested, and Plaintiff paid Defendant $5000 to prevent that outcome. Further, the time spent on the common-law claims appears to have furthered the success of Plaintiff's FDCPA claim. This Court finds, therefore, that Plaintiff can recover attorneys' fees for the time spent on his common-law claims.

**D.     An across-the-board reduction is not warranted.**

Defendant argues that a 25% reduction in total fees is warranted because Plaintiff rejected a settlement offer of $5,000, only to eventually agree to the same amount later, making the time spent after the first offer's rejection "wasteful."

If a court finds entries vague or inflated, it can reduce fee award across the board. to avoid a line by line accounting. Kirsch, 148 F.3d at 173. Here, Plaintiff has performed that accounting and has addressed Defendant's claims about vague entries. After examining Plaintiff's amended time entries, this Court finds the remaining hour calculations to represent a reasonable amount of time, and declines to reduce the award by 25% as Defendant requests.

Defendant's argument that the time spent after Plaintiff rejected its offer of $5,000 was wasteful is unpersuasive. As represented by Plaintiff, the initial offer purported to resolve his mother's and grandmother's claims along with his own, and did not provide for a separate recovery of attorneys' fees. (See Docket No 26 at pp. 2-3.) The settlement ultimately reached allowed Plaintiff to achieve his goal of recovering the entire $5,000 he paid to Defendant, and provided for the separate recovery of attorneys' fees. This Court

does not consider time spent achieving a better outcome to be wasteful, and it therefore will not reduce Plaintiff's fee recovery on that basis.

## IV.  CONCLUSION

This Court has examined Plaintiff's request for attorneys' fees and found the rates requested and the time expended to be reasonable for this case. Therefore, Plaintiff's motion will be granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorneys' Fees and Costs (Docket No. 23) is GRANTED.

The Clerk of Court is HEREBY DIRECTED to enter judgment against Defendant in the amount of $8,374.68, comprising $7,679.00 in attorneys' fees and $695.68 in costs.

SO ORDERED.

Dated: December 27, 2020
       Buffalo, New York

                                              _____/s/ William M. Skretny_____
                                              WILLIAM M. SKRETNY
                                              United States District Judge